**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JERRILYN BENNETT,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. SAG-26-03223** |
| **KAISER PERMANENTE,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Jerrilyn Bennett ("Plaintiff"), who is self-represented, filed this action against her former employer, Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. ("Kaiser"),[1] in state court. ECF 3. Her Complaint asserts claims for wrongful termination and retaliation. *Id.* Kaiser removed the case to this Court, contending that Plaintiff's claims are completely preempted by § 301 of the Labor Management Relations Act (LMRA) and that Plaintiff's complaint presents a federal claim under an unspecified anti-discrimination statute. ECF 1 ¶¶ 4–5. Plaintiff has now filed a motion to remand the case to state court pursuant to 28 U.S.C. § 1447(c), ECF 8, which Kaiser has opposed, ECF 9. This Court has reviewed both filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Plaintiff's motion will be granted and the case will be remanded to state court for further proceedings.

## I. FACTUAL BACKGROUND

The following facts relevant to this motion are derived from the Complaint, ECF 3, and are assumed to be true for the purposes of adjudicating this motion. Plaintiff began working for Kaiser

---

[1] Plaintiff Jerrilyn Bennett erroneously named Kaiser Permanente as the defendant in her complaint. ECF 3. Defendant provided a corrected name in its briefing. ECF 9 at 1.

as a "float employee" in the Virginia region in 2020. ECF 3 at 1. During that time, Plaintiff was instructed that "clocking in" to work via mobile phone was an acceptable method. *Id.* Plaintiff transferred to Kaiser's Maryland region on April 2, 2022 and continued using mobile clock-in, having observed other employees doing the same. *Id.* From April 2, 2022 to June 10, 2025, nobody informed Plaintiff that mobile clock-in was prohibited. *Id.* Plaintiff's direct supervisor learned that Plaintiff used mobile clock-in in February 2025 but took no action. *Id.* at 2.

On June 10, 2025, Plaintiff observed a co-worker leaving the laboratory, which left it understaffed and created "an unsafe and hazardous working environment." *Id.* Plaintiff reported the incident to management anonymously out of fear of workplace retaliation. *Id.*

Two days later, Plaintiff's supervisor texted her to request a meeting about her "timecard and badge swipes." *Id.* A Human Resources representative and Union representative attended the meeting. *Id.* At the meeting, Plaintiff was asked about her practice of clocking in via cell phone. *Id.* Several days later, Kaiser placed Plaintiff on administrative leave with pay to conduct an investigation. *Id.* On July 7, 2025, Kaiser terminated Plaintiff effective immediately. *Id.* The Union filed a grievance on Plaintiff's behalf, citing Kaiser's "failure to follow company disciplinary policies" and wrongful termination. *Id.*

Plaintiff contends that, "Defendant's actions constitute retaliation for Plaintiff (Jerrilyn Bennett) exercising statutory and public policy rights by reporting a safety hazard, resulting in wrongful termination." ECF 3 at 4.

## II. LEGAL STANDARDS

Kaiser removed this case to federal court, invoking subject matter jurisdiction under the federal question statute and LMRA. ECF 1 ¶ 6. Plaintiff now seeks remand pursuant to 28 U.S.C. § 1447(c), arguing that this Court lacks subject matter jurisdiction. ECF 8. In the context of

removal, the party seeking removal bears the burden to establish the existence of subject matter jurisdiction. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296–97 (4th Cir. 2008).

Additionally, because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. ANALYSIS

Kaiser contends that this Court has subject matter jurisdiction because LMRA preempts or precludes Plaintiff's state common law claims and because Plaintiff asserted a federal anti-discrimination claim. Looking at the easier question first, even liberally construing Plaintiff's complaint as required, this Court finds no assertion of a federal anti-discrimination claim. The complaint does not mention discrimination or even allege Plaintiff's membership in any protected class. ECF 3. Plaintiff did attach an EEOC right-to-sue notice to her complaint, ECF 3-1, but that notice contains no assertions of discrimination or other information suggesting Plaintiff's intent to pursue a discrimination claim in this Court. Because no discrimination claim has been stated, there are no federal questions present on the face of Plaintiff's well-pleaded complaint. Her claims are pure questions of state law.

The more complicated question is whether those state law claims are completely preempted by the LMRA because Plaintiff's employment was governed by a collective bargaining agreement (CBA). Section 301 of the LMRA provides that federal courts have jurisdiction over disputes involving "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar, Inc. v.*

*Williams*, 482 U.S. 386, 394 (1987) (quoting *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1987)).

Although Plaintiff filed her complaint in state court, 28 U.S.C. 1441(a) permits a defendant to remove a civil action to federal court if the Plaintiff's complaint presents a federal question. The existence of federal question jurisdiction in this case is governed by "complete preemption" corollary to the "well-pleaded complaint rule." *Childers v. Chesapeake and Potomac Tel. Co.*, 881 F.2d 1259, 1261–62 (4th Cir. 1989). Under that corollary, even where a complaint contains only state common law claims, if a plaintiff's state law claim is preempted by § 301 of the LMRA, the action is subject to removal to federal court. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 258–64 (1994).

However, not every claim referencing a CBA requires preemption. The Supreme Court has explained that § 301 preemption occurs only when resolution of the state law claim depends upon the meaning of the CBA, *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988) or is "inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). "[T]he bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Lividas v. Bradshaw*, 512 U.S. 107, 124 (1994).

First, then, this Court must look to the elements Plaintiff will have to prove for her asserted claims, wrongful termination and retaliation. Her claim, in essence, is that Kaiser fired her in retaliation for her reporting a safety hazard, which resulted in wrongful termination. ECF 3 at 4. To establish that claim, she will have to show (1) that she was discharged; (2) that the basis for her discharge violated a clear mandate of public policy; and (3) that there was a nexus between her conduct and the employer's decision to fire her. *Wholey v. Sears Roebuck*, 803 A.2d 482, 489, 370

Md. 38, 50–51 (2002). In other words, in the context of this case, Plaintiff will have to show, among other things, that she was fired in retaliation for reporting the safety hazard and not because of her use of mobile clock-ins.[2]

Kaiser lists a number of facts it suggests "implicat[e] the CBA." ECF 9 at 8. This Court disagrees that those facts, individually or collectively, make Plaintiff's claims substantially dependent on an analysis of the CBA's provisions. First, the fact that Union representatives were involved in Plaintiff's meetings with management, and eventually grieved her discharge, does not mean that this Court will need to interpret the CBA's terms to decide this case. Second, Plaintiff is not contending that Kaiser could not discharge employees for falsification of time records or without imposing progressive discipline. She simply asserts that Kaiser's proffered explanation for her discharge was pretextual because her supervisor had known for months that she was using the mobile clock-in method without raising an issue and because no progressive discipline occurred.

As Plaintiff has pleaded her claims, then, this Court will not be asked to evaluate or analyze the CBA's requirements. Plaintiff is not asking this Court to assess whether mobile clock-ins violate the CBA. She is asking this Court to resolve a factual issue: whether Kaiser's motivation for terminating her was the mobile clock-ins or her safety complaint. In similar contexts, the Fourth Circuit has decided that no reference to a CBA is required to resolve the factual issues surrounding wrongful discharge-type claims. *See Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 775 (4th Cir. 1998) (finding no preemption where the "wrongful discharge claim involves purely factual

---

[2] Kaiser makes arguments sounding in Rule 12(b)(6) in its opposition to the remand motion, ECF 9 at 7–8, arguing that Plaintiff has failed "to identify a statute or recognized public policy in support of her wrongful discharge claim." Whether or not Plaintiff's complaint states a viable claim is a question for another day. The issue before this Court is whether Kaiser has met its burden to demonstrate complete preemption of Plaintiff's asserted state law claims.

questions concerning [the plaintiff's] conduct and the conduct and motivation of [the plaintiff's supervisor] in reaching his decision to discharge [the plaintiff]."); *Martin Marietta Corp. v. Maryland Comm'n on Hum. Rels.*, 38 F.3d 1392, 1402 (4th Cir. 1994) (concluding that a retaliatory discharge claim required the court to "review purely factual questions pertinent to the conduct of the employee and the conduct and motivation of the employer, neither of which necessitates interpretation of CBA terms."). Questions of motivation are quintessential fact issues that do not require interpretation of contract terms.

The cases Kaiser relies upon are distinguishable and therefore unpersuasive. In *Foy v. Giant Food, Inc.*, 298 F.3d 284, 287–89 (4th Cir. 2002), the Fourth Circuit found a claim for intentional infliction of emotional distress (IIED) to be preempted because whether the employer's conduct had been "extreme and outrageous" turned on whether the employer was legally authorized to terminate the plaintiff's employment. *See McCormick v. AT&T Techs., Inc.*, 934 F.2d 531, 537 (4th Cir. 1991) (noting that resolution of an IIED claim "requires an inquiry into whether the actor was legally entitled to act as he or she did."). But Plaintiff is not asserting IIED, and no similar issue is present with Plaintiff's wrongful discharge claim. Even if Kaiser had been "legally entitled" to terminate an employee for mobile clock-ins, the question is a factual one: did Kaiser terminate Plaintiff for that reason or was its motivation retaliatory?

Kaiser also cites *Tall v. MV Transp.*, 2012 WL 4480720, (D. Md. Sept. 27, 2012), an unpublished case from this Court that was later affirmed by the Fourth Circuit. *See* ECF 9 at 9. In that case, the plaintiff alleged that he had been improperly fired for something he did not do. The question squarely presented was whether, in those circumstances, the plaintiff had been fired for "just cause" under the CBA, which the court believed would require interpretation of that term

"and other terms in the CBA."[3] *Tall*, 2026 WL 4480720, at *6. Here, no such consideration of the CBA's terms is required. The legal issue will turn on which of two motivations resulted in Plaintiff's discharge, a pure fact question that will not require resort to the CBA. Like in *Owen* and *Martin Marietta*, then, this Court concludes that it lacks jurisdiction over Plaintiff's state law claims, which must be remanded to state court.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion to Remand, ECF 8, will be granted and the case will be remanded to the Circuit Court for Anne Arundel County, Maryland. The case in this Court will be closed.

A separate Order follows.

Dated: November 9, 2026

/s/
Stephanie A. Gallagher
United States District Judge

[3] In *Lingle,* the Supreme Court explained that even where a state law claim required analysis of whether just cause existed to terminate a worker, that "parallelism" with the CBA did not mandate preemption "as long as the state-law claim can be resolved without interpreting the agreement itself." 486 U.S. at 409–10.